Caleb E. Whitaker, Appellant, *v.* John M. Masterton et al., Respondents.

The penalty imposed by the General Manufacturing act (§ 12, Chap. 40, Laws of 1848), upon trustees of a corporation organized under it, for failure to make and file the prescribed annual report, is not applicable to, and is not incurred by, a non-compliance with the provision of the act of 1853 (§ 2, Chap. 333. Laws of 1853), which requires that in all statements and reports which are to be published of a company, any portion of the stock of which has been issued in payment for property "it shall not be stated or reported as being issued for cash paid into the company, but shall be reported in this respect according to the fact."

An annual report filed by a manufacturing corporation stated the amount of its capital and that all of it had "been paid in in cash, patent rights, merchandise, machinery accounts, etc., necessary to the business and for which stock to the amount of the value thereof has been issued by the company." In an action by a creditor of the corporation against the trustees for alleged failure to make the prescribed report, *held*, that the report made was a sufficient compliance with the requirements of the act; that it was not necessary to specify therein how much of the capital was paid in cash and what amount in property; and that, therefore, the action was not maintainable.

The provision of the act imposing the penalty is to be construed like other penal statutes; its scope may not be enlarged by construction or implication and the penalty may not be imposed except in cases where the plain language of the provision requires it.

(Argued June 9, 1887; decided June 28, 1887.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 4, 1885, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial without a jury.

The Imperial Skirt Manufacturing Company was a corporation organized under the general manufacturing act of 1848, and the acts amendatory thereof. At various periods, during the year 1877, it made its four promissory notes, amounting in the aggregate to the sum of $13,000, and delivered them to the plaintiff for value. At their maturity the several notes were dishonored, and the plaintiff then commenced an action upon them against the corporation and recovered judgment therein. A portion of the judgment was collected and the balance of $11,610.47 was left unpaid; the present action was commenced against these defendants, as trustees of the corporation, to recover that sum with interest. In his complaint the plaintiff alleges three causes of action: (1.) That the defendants were trustees of the corporation, and that it did not, within twenty days from the 1st day of January, 1878, make, file and publish the annual report required by the statute, but that the defendants did, as matter of fact, on or about the 18th day of January, 1878, file and publish what purported to be a report, which, though it did state that the capital of the company had been paid in in cash, patent rights, merchandise, machinery, etc., did not state the proportion in which it had been so paid in, nor how much stock was issued for money and how much for property, and that they thus wholly failed to comply with the provisions of the statute. (2.) That the defendants, being such trustees and officers, did, on or about the last mentioned day, publish what purported to be a report, but that the same was false in a material representation; and (3.) That the defendants, in organizing the corporation, conspired to deceive and defraud the plaintiff.

The further material facts appear in the opinion.

*Geo. V. N. Baldwin* for appellant. The defendants were liable because the report failed to state " the proportion of capital actually paid in." (Laws of 1853, chap. 333 ; *Whitney Arms Co.* v. *Barlow,* 63 N. Y. 62, 66 ; *Glens Falls Paper Co.* v. *White,* 18 Hun, 214 ; *Knight* v. *Dederick,* 6 N. Y. Week. Dig. 150.)

*Flamen B. Candler* for respondents.   The report complained of was sufficient.   (Laws of 1848, chap. 40, § 12 ; *Glens Falls Paper Co.* v. *White*, 18 Hun, 214 ; *Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62 ; *Bonnell* v. *Griswold*, 80 id. 128 ; *Pier* v. *Hanmore*, 86 id. 95.)   The Law of 1848, chapter 40, so far as sections 12 and 15 are concerned, is a penal statute, and the court cannot extend it by inference, but should, on the contrary, give to the statute a strict construction.   (*Bonnell* v. *Griswold*, 80 N. Y. 138 ; *Merch. B'k of N. H.* v. *Bliss*, 35 id. 412 ; *Whitney Arms Co.* v. *Barlow*, 63 id. 62 ; *Wiles* v. *Suydam*, 64 id. 173 ; *Easterly* v. *Barber*, 65 id. 252.) The plaintiff failed to establish any cause of action against the defendants under section 15, chapter 40, Laws of 1848, as he did not show that they made a false report, knowing it to be false.   (*L. Sup. I. Co.* v. *Drexel*, 90 N. Y. 87 ; *Pier* v. *Hanmore*, 86 id ; 95 ; *Butler* v. *Smalley*, 101 id. 71, 74.)

*J. K. Hayward*, for Alexander Masterton, respondent. A disregard of the provision of the act of 1853 (chap. 333, § 2), requiring the fact of the issue of stock for property to be stated in the annual report, did not subject defendant to the penalty of section 12 of the act of 1848 (chap. 40).   (*Bonnell* v. *Griswold*, 80 N. Y. 128 ;  89 id. 122 ;  *Pier* v. *Hanmore*, 86 id. 95.)

Earl, J.   The trial judge found that there was no fraud or conspiracy, as alleged by the plaintiff in the second and third causes of action, and the findings against the plaintiff in reference to those causes of action being based upon sufficient evidence, and having been affirmed by the General Term, conclude us, and we have no power to review or interfere with them.   Our sole duty, therefore, is to determine whether the court below erred in reference to the first cause of action.

It is undisputed that the defendants, as trustees of the corporation, made, filed and published a report on the 18th of January, 1878, which is as follows: " Amount of the capital of the company, $50,000 ; amount of the capital paid in, $50,000, all of which has been paid in in cash, patent

rights, merchandise, machinery, accounts, etc., necessary to the business, and for which stock, to the amount of the value thereof, has been issued by the company; amount of the existing debts of the company do not exceed $38,500. John M. Masterton, president; R. S. Masterton, E. D. Smith, A. Masterton, majority of the trustees."

The contention of the plaintiff is that this report was wholly inadequate and inoperative, because it did not state the proportion of the capital paid in and what amount thereof was paid in cash and what amount in property; and, therefore, it is claimed that the report did not comply with section 12 of chapter 40 of the Laws of 1848, which, as originally enacted, provided that every corporation organized under that act should annually, within twenty days from the first day of January, make, verify, publish and file a report, stating "the amount of capital and of the proportion actually paid in, and the amount of its existing debts," and that if any corporation should fail so to do, all its trustees should be jointly and severally liable for all its debts then existing and for all that should be contracted before such report should be made.

As we have repeatedly held, this section is highly penal and it should be construed like other penal statutes. Its scope should not be enlarged by construction or implication, and the courts should not impose the penalty except in cases where the plain language of the section requires it. (*Whitney Arms Co.* v. *Barlow*, 63 N. Y. 62; *Wiles* v. *Suydam*, 64 N. Y. 173; *Bonnell* v. *Griswold*, 80 N. Y. 128, 135; *Brackett* v. *Griswold*, 103 N. Y. 425.) The report made by the defendants was, in form, a full compliance with the section referred to. It stated the amount of the capital; that it was all actually paid in, and the amount of the existing debts of the company. That was all that was required to be stated, and the penalty was imposed for an omission to make, publish and file a report containing such matters. The penalty could not be incurred, as we have held, if the report in form complied with the section, unless it was false, in which event liability was imposed by section 15.

The act, chapter 333 of the Laws of 1853, purports to be an act amending the general manufacturing act of 1848, and section 2 of that act provides as follows: "The trustees of such company may purchase mines, manufactories and other property necessary for their business, and issue stock to the amount of the value thereof in payment therefor; and the stock so issued shall be declared and taken to be full stock, and not liable to any other further calls; neither shall the holders thereof be liable for any further payments under the provisions of the tenth section of the said act; but in all statements and reports of the company to be published, this stock shall not be stated or reported as being issued for cash paid in to the company, but shall be reported in this respect according to the fact." This section imposes no penalty for non-compliance with its requirements, and section 12 of the manufacturing act cannot be so incorporated into this section, or this section so incorporated into that, as to make the penalty prescribed by that section applicable to this.

There was no violation of this section in the report which these defendants made. They stated that all of the capital was paid in, some of it in cash and the balance in the property mentioned; and thus the report was according to the fact. This section does not require the report to specify how much of the stock was paid for in cash and how much in property. It would be too rigorous to hold that for a failure to make such specifications, trustees are to be held liable for all the debts of the corporation. This is made clearer by a reference to the act chapter 510, of the Laws of 1875, which is an act simply amending section 12 of the act of 1848, by re-enacting the same with amendments; and the section so far as is material to this case was not changed. It still requires a report to state only "the amount of capital and the proportion actually paid in, and the amount of existing debts," and for a failure to make such report, the trustees are made liable for all the debts of the corporation. If it had been the intention of the law makers to impose the penalty for non-compliance with the act of 1853,

it is to be supposed that such intention would have been embodied in some form in this section as amended. But with the statute of 1853, before them they specified in the section as amended precisely what the report should contain, and for what the penalty should be incurred.

There is no good reason for extending the penal provisions of section 12 as amended to cases not plainly within the language used. The capital is required to be paid in cash or property, and stock can be issued only for cash and the actual value of the property. It, therefore, cannot be very important in any case to creditors to be informed by the report of a corporation how much of its capital was paid in cash and how much in property. The capital of a manufacturing corporation is not kept in cash, but is invested in property, and it cannot usually be very important to creditors to know whether a corporation upon its organization received property, or whether it received cash which was subsequently invested in property. If property necessary to the business of a corporation is taken at its value it is frequently better than cash. Such a report as this is sufficient to put creditors upon inquiry. They can see by it that some portion of the capital was paid in cash and some in property, and they can by inquiry ascertain what the truth is. We cannot, therefore, say that the legislature intended to inflict upon trustees of a manufacturing corporation a penalty for not specifying in their report how much of the capital stock of the corporation was issued for cash, and how much for property. And while this point has not been precisely decided in this court, our present views in reference to it receive much countenance from the following decisions: *Bonnell* v. *Griswold* (80 N. Y. 128; 89 id. 122); *Pier* v. *Hanmore* (86 N. Y. 95).

We are, therefore, of opinion that the judgment should be affirmed.

All concur.

Judgment affirmed.