VALENTINE CORNWELL, who Sues as Well for Himself as for the Other Heirs of JOHN CORNWELL, Deceased, Appellant, *v.* CHARLES H. CLEMENT, Respondent.

*Champerty Act — when a deed is void thereunder — presumption in favor of a complaint demurred to — retaining benefits under a contract and asserting its invalidity.*

To render a deed void under the Champerty Act the land granted thereby must be in the actual possession of the person claiming the same under a title adverse to that of the grantor. The language of such act must be strictly construed on account of its severity; under it possession for a single day by a person claiming under a title adverse to that of the grantor, whether such possession be known or unknown, avoids the conveyance.

On the argument of a demurrer to a complaint, the complaint is deemed to state every resultant fact which, by reasonable intendment, can be inferred from the allegations which it contains.

If a person receives a deed void for champerty he is not authorized to use it for his own benefit and then set up its invalidity to enable him to retain the benefits he has derived from it, nor can a person be permitted to receive money under a contract and then refuse to account therefor on the ground that the arrangement under which he received the money was void in law.

APPEAL by the plaintiff, Valentine Cornwell, who sues as well for himself as for the other heirs of John Cornwell, deceased, from an interlocutory judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens upon the decision of the court rendered at the Kings County Special Term on the 14th day of December, 1894, sustaining the defendant's demurrer to the complaint, and dismissing the complaint unless the plaintiff serve an amended complaint and pay costs.

*E. F. & E. G. Bullard,* for the appellant.

*Henry A. Monfort,* for the respondent.

DYKMAN, J.:

This is an appeal by the plaintiff from a judgment sustaining a demurrer to the complaint in the action, with leave to amend the same on payment of costs.

The complaint alleges that on the 22d day of July, 1878, the heirs of John Cornwell, deceased, of whom the plaintiff is one, were the owners of certain lands in this State, but that none of the

heirs were then in the actual possession of such premises, and the same were claimed by third parties adverse to such heirs.

That on or about the day named an agreement was made between such heirs and the defendant, whereby it was agreed that the heirs should convey the undivided half of the premises to the defendant, and in consideration thereof he would institute all proper suits and proceedings at law or in equity to recover said real property, and that he would employ, at his own expense, attorneys for that purpose.

That accordingly such conveyance was made by the heirs to the defendant, who accepted the same under the contract. That subsequently the defendant brought an action for the partition of the land, and fraudulently procured a part thereof to be sold for an inadequate price, and another part to be allotted to himself, which he subsequently sold for $9,500.

The complaint then charges that the defendant became the trustee for the heirs in procuring a portion of the premises to be allotted to himself, and that he held the title to such portion charged with a trust for their benefit. That the sale thereof was made in fraud of their rights but to a *bona fide* purchaser.

Then the complaint contains a statement of the number of the grantors in the deed to the defendant; that they all have a common interest with the plaintiff in the matter involved, and they are so numerous that it may be impracticable to bring them all before the court, and the plaintiff brings this action in his own name for the benefit of himself and all others of those grantors and their heirs who shall come in and pay their share of the expense of the action.

For relief the plaintiff, among other things, prays that the defendant may be compelled to account for all of his transactions under the contract with the heirs.

The defendant demurred to the complaint on the ground that it failed to state a cause of action and that there was a defect of parties.

In relation to the question of parties it is sufficient to say that the suit is properly brought in the name of the plaintiff, under the latter part of section 448 of the Code of Civil Procedure.

The next and chief contention of the defendant is that the complaint states no cause of action against him, because the deed which

he received from the heirs of John Cornwell was void under the Champerty Act since the premises described in the deed were held adversely at the time of its execution and delivery.

The statute which the defendant invokes is this: "Every grant of lands shall be absolutely void if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." (1 R. S. p. 739, § 147.)

To render a deed void under that statute, the land which it grants must be in the actual possession of a person claiming under a title adverse to that of the grantor, and that indispensable fact does not appear from this complaint. It is not stated in the complaint that the premises were, at the time of the delivery of the deed in the possession of any one, nor that any one claimed any title adverse to that of the grantors. It is simply stated that the premises were claimed by third parties adverse to the heirs. That statement may be true and yet the claim of such third parties may not be based upon a title adverse to that of the heirs. The statement is entirely insufficient to show that the premises were held adversely within this statute. (*Clarke* v. *Hughes*, 13 Barb. 151.) The language of this act is very significant and must be strictly construed by reason of its severity. Under it the possession for a single day by a person claiming under a title adverse to that of the grantor, whether such possession be known or unknown, avoids a conveyance. (*Crary* v. *Goodman*, 22 N. Y. 173.)

As the complaint will be deemed to state every resultant fact which by reasonable intendment can be inferred from the allegations which it contains (*Zebley* v. *F. L. & T. Co.*, 139 N. Y. 467), it may be fairly implied from the complaint that the grantors in the deed owned the premises conveyed, and were entitled to the possession by reason of such ownership, but that they were claimed by third parties who were not in possession. At any rate the defendant cannot claim that such third parties were in possession because the complaint nowhere so states.

It follows, therefore, that the deed to the defendant does not fall under the condemnation of the Champerty Act, and is not void. Moreover, the deed was valid and operative and conveyed the title as between the grantors and the defendant, even though the premises were sold adversely within the meaning of the statute. It is only

void as against those who have a right under the statute. (*Pepper* v. *Haight,* 20 Barb. 439 ; *Livingston* v. *Proseus,* 2 Hill, 528 ; *Van Hoesen* v. *Benham,* 15 Wend. 164 ; *Poor* v. *Horton,* 15 Barb. 497.) There was no difficulty in carrying out the arrangement made by the parties for the recovery of the land. The defendant could bring suits in the name of his grantors against those who held adversely, and in his own name against those who did not so hold. (*Howard* v. *Howard,* 17 Barb. 665 ; *Poor* v. *Horton,* 15 id. 497.)

It is the effort of the defendant to employ the statute to aid him in effectuating his purpose to perpetuate a fraud upon his grantors. He has received a deed of conveyance which constituted him a tenant in common with his grantors. If that deed was void he was not authorized to use it for his own benefit, and then set up its invalidity to enable him to retain the benefits he had derived from it, and thus cheat his grantors. He executed the contract and derived money from the sale of the land, and a portion of that money belongs in equity to his grantors. He cannot be permitted to receive money under his contract, and then refuse to account therefor to his co-tenants, because the arrangement under which he received the money was void in law. That would enable him to take advantage of his own wrong, which is abhorrent to equity. The statute invoked was not made for the defendant. It was a re-enactment of the common law for the protection and security of persons in actual possession of land, claiming the same under a specific title to the end that such persons should not be disturbed and annoyed by the purchaser of pretended titles.

The defendant occupies no such position. He was not in possession of the land and made no claim to it, and his deed of conveyance was valid and not void as between him and his grantors.

If it be necessary to the circumvention of the fraud, which the defendant is endeavoring to practice upon his co-tenants, he may be treated in equity as a trustee *ex maleficio,* and a trust may be impressed upon the property allotted to the defendant to subserve the purposes of justice. The procurement by the defendant of the allotment of a portion of the premises to himself was a palpable fraud upon his grantors.

Obviously, therefore, the complaint contains allegations sufficient to enable the court to administer the relief which equity requires,

and compel the defendant to account for the money he has received in the execution of the contract he made with his grantors.

The judgment should be reversed, with costs, and the demurrer should be overruled, with costs, with leave to the defendant to answer on payment of all the costs in twenty days after the service of the order of reversal.

BROWN, P. J., concurred; CULLEN, J., not sitting.

Judgment reversed, with costs, and demurrer overruled, with leave to defendant to answer in twenty days on payment of costs.

---

In the Matter of the Petition of THE CITY OF BROOKLYN, Respondent, for a Decree Compelling CHARLES FRANZ, Appellant, to Take Down and Remove a Certain Frame or Wooden Building Erected and Maintained Within the Fire Limits of Said City.