(13 Misc. Rep. 42.)

### MAYOR, ETC., OF CITY OF NEW YORK v. BIGELOW.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

PHYSICIANS—REGISTERING LICENSE—PENALTY FOR FAILURE.

Instead of registering his license as a physician with the county clerk, as required by law, the defendant filed it with the board of health. After suit commenced to recover the penalty imposed for failure to make proper registration, but before trial, the defendant made due registration. *Held,* that such subsequent registration is a defense to an action for the penalty.

(Syllabus by the Court.)

Appeal from district court.

Proceeding by the mayor, etc., of the city of New York, against Frank A. Bigelow, to recover a penalty. Judgment was entered in favor of defendant, and plaintiff appeals. Affirmed.

As a condition of the right to practice medicine in the state of New York, the statute requires that a license be registered with the county clerk; and, for practicing without such registration, a person shall forfeit $50 to the county. But, if one "whose registration is not legal, because of error, misunderstanding or unintentional omission, shall submit satisfactory proof that he had all the requirements prescribed by law at the time of his imperfect registration, he may on unanimous recommendation of a state board of medical examiners, receive from the regents under seal a certificate of the facts, which may be registered by any county clerk and shall make valid the previous imperfect registration." Having, from ignorance of the law, filed his license with the board of health, instead of with the county clerk, the defendant pursued the practice of medicine; and thereupon this action was brought to re-

cover the prescribed penalty. At the trial the defendant produced a certificate by the county clerk that, since the suit, he had made due registration, in conformity with the statute. Upon this state of fact, the plaintiff moved for judgment; but the court decided for the defendant, and dismissed the complaint.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Robert C. Taylor, for appellant.
James R. Angel, for respondent.

PRYOR, J. Despite the elaborate and interesting argument of plaintiff's counsel, we are of opinion that the action may not be maintained. "In expounding penal statutes, it is an established rule that the construction must be strict as against the defendant, but liberal in his favor." Gould, J., in Myers v. State, 1 Conn. 502; Whitaker v. Masterton, 106 N. Y. 277, 280, 12 N. E. 604. And this canon of interpretation was applied by a very great judge to precisely such a statute as that in question; namely, one imposing a penalty for exercising a trade without due qualification. Lord Mansfield, in Raynard v. Chase, 1 Burrows, 2, 6.

It is contended that, as the penalty was incurred by the defendant's unauthorized practice, his subsequent qualification is ineffectual to its remission. The registration with the board of health argues the plaintiff's was not an imperfect registration, but simply no registration. The statute allows an "illegal" registration to be repaired, where the cause of it was "some error, misunderstanding or omission." The case is within the very terms of the statute. Nor is it less consistent with the policy of the statute, which is to admit a competent physician to practice when, in good faith, he has endeavored to comply with its requirements. If that be so, still the plaintiff insists that the statute is not retroactive, and is inoperative to validate an invalid registration. This is just the effect it contemplates and accomplishes. By its terms the subsequent registration "shall make valid the previous imperfect registration." What is thus made valid? Obviously, the previous imperfect registration. If this be not the true construction, then the words are meaningless, because without them the correct registration would take effect at once, and authorize future practice. If so, urges the plaintiff, a man may register whenever he pleases. Why not, if, seeking to obey the law, he has evaded it by error or inadvertence? The construction we adopt would be repugnant to the policy of the statute if the unauthorized practice of an incompetent physician were condoned by the subsequent registration. But, to obtain such subsequent registration, he must "submit satisfactory proof that he had all the requirements prescribed by law at the time of the imperfect registration." Having such requirements, what harm ensues from suffering him to supplement the defective authentication of his competency? The subsequent registration demonstrates his qualification from the beginning. Nor was the remedial operation of the subsequent registration in legalizing prior practice arrested by the institution of this action. As the suit is by the public for the benefit of the public, a repeal of the statute pendente lite would cancel the

penalty. Bish. Writ. Law, § 178. Where the action is by an individual for his own benefit, such repeal, any time before final judgment, would bar recovery of the penalty. Butler v. Palmer, 1 Hill, 324; Welch v. Wadsworth, 30 Conn. 149; Wharton v. State, 94 Am. Dec. 214, note. A fortiori is the penalty revoked by an act which the statute imposing it provides shall remove the provocation of the penalty. Without a penal cause there cannot be a penal consequence.

It is conceded that the defendant is a competent physician, in large practice; that his failure to comply with the law in the first instance was not intentional, but inadvertent; that, apprised of his mistake he promptly corrected it; that at the time of the trial his qualification was certified in legal form. Why, then, should he be chastised by a penalty denounced against imposture only. To give the statute such an effect would be equally against the settled rules of construction, the obvious policy of the law, and the equities of the individual.

Judgment affirmed, with costs. All concur.