(19 Misc. Rep. 265.)

## CHURCH v. BUTTERFIELD et al.

(Supreme Court, Special Term, Greene County. January, 1897.)

CORPORATIONS—DIRECTORS—PERSONAL LIABILITY FOR DEBTS.

A complaint to enforce the personal liability of directors for debts of the corporation does not show that it was a stock corporation, other than a moneyed or railroad corporation (Laws 1892, c. 688, § 30), by alleging merely that it was a domestic corporation; that it mortgaged its real estate; and that defendants, its directors, during specified years, filed no annual report, as required by the statute.

Action by Andrew M. Church against Daniel Butterfield and others. Defendants demur to the complaint. Sustained.

Action by plaintiff to charge the defendants, as directors of the Pleasure Island Company, Limited, with the amount of certain bonds and interest by reason of the failure to file annual reports of the corporation during the years 1893, 1894, 1895, and 1896, as required by section 30 of the stock corporation law. Defendants demurred to the complaint on the ground that the complaint did not state facts sufficient to constitute a cause of action. The defendants claimed their demurrer should be sustained for the following reasons: First. Because the statutory provision upon which reliance is placed applies exclusively to stock corporations, except moneyed and railroad corporations, and the complaint only alleges that the Pleasure Island Company, Limited, is a domestic corporation. Second. Because there would obviously be no cause of action if the Pleasure Island Company, Limited, had not been a corporation during the years 1893, 1894, 1895, and 1896, and the complaint only alleges that the Pleasure Island Company, Limited, is a domestic corporation, i. e. was on November 24, 1896, the date of the verification of the complaint. Third. Because the statutory provision upon which reliance is placed makes the directors liable only in case of the failure of the corporation to make a report, accompanied with an omission to file the same, and the complaint alleges that the said Pleasure Island Company, Limited, its officers and directors, and the defendants, as such directors, filed no annual reports, etc. Fourth. Because no cause of action arises under the statutory provision upon which reliance is placed until all remedies against the corporation have been exhausted, and it is not alleged that any remedy against the corporation has been sought or enforced.

F. De Lysle Smith, for plaintiff.

Theodore F. C. Demarest, for defendants.

CHASE, J. The complaint in this action alleges that the Pleasure Island Company, Limited, is a domestic corporation, and that defendants, during the years 1893, 1894, 1895, and 1896, were directors of said Pleasure Island Company, Limited. The plaintiff is the owner of 14 bonds, of $500 each, issued by the Pleasure Island Company, Limited, in 1883, on which default has been made in payment of interest; and it is alleged that the principal and interest of such bonds are now due, and that they have been demanded of the corporation and of the defendants, and payment refused. The plaintiff also asserts that the complaint alleges that the Pleasure Island Company, Limited, failed to file its annual report in each of the years 1893, 1894, 1895, and 1896, as provided by the stock corporation law, and that the defendants are now liable to him for the amount of such bonds and interest by reason of their failure to make and file such reports. Section 30 of the stock corporation law provides:

"Every stock corporation except moneyed and railroad corporations shall annually, during the month of January, or if doing business without the United States, before the first day of May, make a report as of the first day of January which shall state * * *. Such report shall be signed by a majority of its directors and verified by the oath of the president or vice-president, and treasurer or secretary, and filed in the office of the secretary of state, and in the office of the county clerk of the county where its principal business office may be located. If such report is not so made and filed all the directors of the corporation shall jointly and severally be personally liable for all of the debts of the corporation then existing and for all contracted before such report shall be made. * * *"

This statute is highly penal in its nature, and the court should not impose the penalty except in cases where the plain language of the section requires it. Whitaker v. Masterton, 106 N. Y. 277, 12 N. E. 604; Brackett v. Griswold, 103 N. Y. 425, 9 N. E. 438; Wiles

v. Suydam, 64 N. Y. 173. To entitle the plaintiff to recover, it is necessary for him to allege and prove that the Pleasure Island Company, Limited, is a stock corporation other than a moneyed or railroad corporation. This may be alleged in direct words stating the fact, or it may be inferred from all the facts stated in the complaint. The allegation that the Pleasure Island Company, Limited, is a domestic corporation, includes every corporation incorporated by or under the laws of the state or colony of New York. Gen. Corp. Law, § 3. A business corporation is a stock corporation other than a moneyed or railroad corporation. Id. § 2. It is claimed by the learned counsel for the plaintiff that the allegations of the complaint by fair intendment show that the Pleasure Island Company, Limited, is a business corporation. It may be assumed, therefore, that if the complaint, by fair intendment, does show that the Pleasure Island Company, Limited, is a business corporation, the first objection to the sufficiency of the complaint is obviated. The allegations of the complaint from which the plaintiff claims that it may be fairly inferred that the Pleasure Island Company, Limited, is a business corporation, are:

"The Pleasure Island Company, Limited, is a domestic corporation having its principal business office at Pleasure Island, Albany county, New York." "By a certain mortgage bearing date the 30th day of June, 1883, upon certain lands, tenements, and hereditaments to said Pleasure Island Company, Limited, belonging, duly executed by said company to David J. King and John A. Deady, trustees, and duly filed and recorded on or about the 2d day of July, 1883, in the office of the clerk of the county of Albany, in which county the said certain lands, tenements, and hereditaments covered by the said mortgage are situated." "The said Pleasure Island Company, Limited, its officers and directors, and the defendants as such directors thereof, filed in the office of the secretary of state, in the city of Albany, New York, and in the office of the clerk of the county of Albany, where the principal business office of said company is located, no annual reports during the said respective years of 1893, 1894, 1895, and 1896, as required by section 30 of chapter 564 of the Laws of 1890 of this state, as amended by chapters 2 and 688 of the Laws of 1892."

All of the allegations of fact in the complaint are as applicable to some nonstock corporations, and to moneyed and railroad corporations, as they are to stock corporations other than moneyed corporations and railroad corporations. The demurrer does not admit either conclusions of fact or law. Douglas v. Insurance Co., 63 Hun, 393, 18 N. Y. Supp. 259. The question to be determined on this demurrer is whether, assuming every fact alleged in the complaint to be true, enough has been well stated to constitute any cause of action whatever. In determining this, all facts that can be implied from the allegations of the complaint by reasonable and fair intendment are deemed to be well stated. Sage v. Culver, 147 N. Y. 241, 41 N. E. 513; Kain v. Larkin, 141 N. Y. 144, 36 N. E. 9; Cornwell v. Clement, 87 Hun, 50, 33 N. Y. Supp. 866. There is not sufficient stated in the complaint under this rule to show that the Pleasure Island Company, Limited, is a stock corporation other than a moneyed or railroad corporation, and the plaintiff is not entitled to recover on the complaint as it stands for that reason. Having found that the demurrer should be sustained for the reason stated,

it is unnecessary for me to consider the other three grounds raised by the defendants, as the plaintiff should have leave to amend his complaint even if the demurrer is sustained upon any or all of the grounds stated.

Demurrer is sustained, with costs to be taxed by the clerk of Albany county; plaintiff to have leave to serve an amended complaint within 20 days on payment of such costs. Ordered accordingly.