(40 Misc. Rep. 443.)

THOMPSON et al. v. WESTERN UNION TELEGRAPH CO.

(Supreme Court, Special Term, Monroe County. April, 1903.)

1. TELEGRAPH COMPANIES—FAILURE TO DELIVER TELEGRAM—RECOVERY OF PENALTY.
    Laws 1890, p. 1152, c. 566, § 103, providing that telegraph companies shall transmit telegrams promptly, and on failure so to do shall be liable to the sum of $100, the addressee of a telegram cannot recover the penalty imposed, such right being by the statute expressly limited to the sender of the dispatch.

Action by Charles V. Thompson and Josephine Thompson against the Western Union Telegraph Company. Demurrer to the complaint. Sustained.

George D. Forsyth, for plaintiffs.

George Raines, for defendant.

DAVY, J. The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges: That the defendant was operating one of its lines of electric telegraph between and through the cities of Syracuse and Rochester, in the state of New York. That the defendant on the 23d day of September, 1899, received at Syracuse the following despatch:

"September 23, 1899.
"To Thompson & Co., Hotel Wendall, Rochester, N. Y.: Will pay you fifteen cents square yard complete for pavement Elmira. You furnish all labor. Answer quick.          J. Keef & Co.
                    "By F. Baker, Dunfee Block."

That the defendant was paid the usual charges for the transmission of said despatch, but neglected to transmit the same to the plaintiffs at the Hotel Wendall, in the city of Rochester. That for such neglect the plaintiffs are entitled to a judgment against the defendant for the sum of $100, the amount of the penalty provided by statute.

It is not necessary to discuss the question whether the person to whom a despatch is sent can recover damages, in a proper case, for

failure of the telegraph company to send or deliver the message. The principal question raised by the demurrer is whether the plaintiffs, who were the addressees and the parties to whom the despatch was directed to be sent, can maintain this action to recover the statutory penalty.

Laws 1890, p. 1152, c. 566, § 103, provides that:

"Every such corporation shall receive despatches from and for other telegraph or telephone lines or corporations, and from and for any individual, and on payment of the usual charges by individuals for transmitting despatches as established by the rules and regulations of such corporation, transmit the same with impartiality and good faith and in the order in which they are received, and if it neglects or refuses so to do, it shall pay one hundred dollars for every such refusal or neglect to the person or persons sending, or desiring to send, any such despatch and entitled to have the same so transmitted."

The section of the statute referred to is highly penal, and subject to the rule of strict construction which prevails in respect to such statutes. Applying this rule to the statute in question, a party who brings an action against a telegraph company to recover a penalty for neglect to send a despatch must bring his case clearly within the letter and spirit of the act. Where the statute designates the party who shall bring the action, it must be brought by that person, and in the precise mode and subject to the limitations provided by the act. Whitaker v. Masterton, 106 N. Y. 277, 12 N. E. 604. Sutherland on Statutory·Construction (section 350) says: "Penal statutes can never be extended by mere implication to either persons or things not expressly brought within their terms." The statute in question prescribes, in plain and unambiguous language, that only the person or persons sending or desiring to send the despatch can recover the penalty.

If it had been the intention of the lawmakers to authorize the party to whom the despatch was sent to bring an action to recover the penalty, it is to be supposed that such intention would have been embodied in the act. In Indiana, where there is a similar statute, it is held that the sender of the despatch, and not the party to whom it is sent, can recover the penalty for a violation of its provisions. In Hadley v. Western Union Telegraph Co., 115 Ind. 191, 15 N. E. 845, the court passed directly upon the question as to whether the addressee is entitled to recover the penalty, and it held that only the sender of the despatch could recover the penalty prescribed by the statute.

I am of the opinion that the plaintiffs cannot maintain this action, and the demurrer must be sustained, with costs to the defendant to be taxed by the clerk of Monroe county.

Demurrer sustained, with costs.