(54 Misc. Rep. 468.)

### GIFFORD v. GLEN TELEPHONE CO.

(Supreme Court, Trial Term, Fulton County. May, 1907.)

TELEPHONES—FAILURE TO TRANSMIT MESSAGE—RECOVERY OF PENALTY.

    Plaintiff sued to recover a penalty under Laws 1890, p. 1152, c. 566, § 103, providing that every telephone line shall receive dispatches from any individual on payment of the usual charges, and transmit the same impartially and in good faith, and, if it neglects to do so, shall be liable to a fine to the person sending or desiring to send such dispatch. The evidence showed that plaintiff called up from the pay station of defendant its central office, giving the name of the party with whom he desired to talk, and hung up the receiver and deposited the proper charge. The operator, not hearing the coin register, refused to connect plaintiff until he had paid the toll charge with the receiver off the hook, according to the established rule of the company, and the only way by which the operator could know that the toll had been paid. *Held*, that the company was not liable for the penalty imposed.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Telegraphs and Telephones, §§ 79–81.]

Action by Lionel C. Gifford against the Glen Telephone Company to recover a penalty. Complaint dismissed.

Keck & Rogers, for plaintiff.
Fred Linus Carroll, for defendant.

McLAUGHLIN, J. This action is brought to recover a penalty of $100 under section 103 of the Transportation Corporation Law, Laws 1890, p. 1152, c. 566, which provides, concerning telephone and telegraph companies, that:

    "Every such corporation shall receive dispatches from and for other telegraph or telephone lines or corporations, from and for any individual, and on payment of the usual charges by individuals for transmitting dispatches as established by the rules and regulations of such corporation, transmit the same with impartiality and good faith and in the order in which they are received, and if it neglects or refuses to do so it shall pay one hundred dollars for every such refusal or neglect to the person or persons sending or desiring to send any such dispatch, and entitled to have the same so transmitted, but arrangements may be made with the proprietors or publishers

of newspapers for the transmission for publication of intelligence of general and public interest out of its regular order."

There is little or no dispute as to what I consider the material facts involved. The plaintiff attempted to telephone over defendant's lines from a pay station where the charge or toll was to be deposited in a box beside the instrument. A person wishing to telephone called the central office, and gave the name of the party with whom he wished to communicate. When the desired party was obtained, the operator at the central office notified the person and directed him to deposit the proper charge in the box beside the instrument, and upon being apprised that this had been done by a system of bells denoting the various coins deposited, connected the wires. The plaintiff, at the time in question, for the purpose of talking with some one at Gloversville, went to the store of Orlando Gifford at Cranberry Creek, in the county of Fulton, where the defendant had installed one of its pay stations in connection with its telephone system. He took the receiver off the hook and called the defendant's central office, and communicated to the operator there in charge the name of the party with whom he desired to talk. He then hung up the receiver and deposited 15 cents —the proper charge—in the box intended for its reception, and the operator not being able to hear the coins register, refused to connect him with the party with whom he desired to speak until he had paid the charge with the receiver off the hook, which was the established rule and was the only way in which the operator could know that the charge had been paid. The plaintiff refused to make a further deposit, insisting that he had a right to talk—having once deposited his money in the box—and, the operator refusing to permit him to do so, he immediately brought this action to recover the penalty specified in the statute.

I am of the opinion that, if every fact as claimed by the plaintiff be found in his favor, nevertheless he would not be entitled to recover. The statute imposes the penalty not for an error of judgment of one of defendant's operators, a defective instrument, or a misunderstanding as to whether a required charge for a message has been paid, but solely for the refusal to transmit dispatches with impartiality, good faith, and in order of their reception, after payment of the usual charges as established by rules and regulations of such corporation. Under the defendant's system, if the charge or toll were paid while the receiver of the instrument was hung up, the operator would be totally ignorant as to whether the proper amount, or, indeed, any amount at all, had been paid; and the propriety and necessity for the rule that the charge must be paid with the receiver down are too apparent to need comment, and this rule was sufficiently established at the trial. The instruction upon the telephone instrument was sufficient to apprise the plaintiff, even though he had never used the instrument before, of what it was necessary to do. There is absolutely no evidence to indicate that the refusal to permit the plaintiff to talk was by reason of any of the acts for which the statute imposes a penalty; on the contrary, the fact is uncontradicted that the operator offered to allow the plaintiff to talk provided he would deposit the 15 cents in the box while the receiver was off the hook; and, if he had previously deposited that amount,

he could take that matter up with the company at a subsequent time. In this connection it is worthy of note that a similar mistake had previously been made by him at the same station and the additional payment then made had been refunded by the telephone company.

The statute is a penal one, and is to be strictly construed. Thompson v. Western Union Telegraph Co., 40 Misc. Rep. 443, 82 N. Y. Supp. 675; Wichelman v. Western Union Telegraph Company, 30 Misc. Rep. 450, 62 N. Y. Supp. 491. Whatever may be the plaintiff's rights, he cannot recover under the statute in question, for his case does not come within its provisions. It is true the plaintiff testified that on a former occasion, when using the same instrument, he had been told to pay while the receiver was hung up, but his evidence is strongly controverted by defendant's witnesses. There is much conflicting evidence as to the instructions which plaintiff had formerly received, in view of which, under his own admission that he had used the same instrument on at least one former occasion without difficulty, I do not think I would be justified in finding that he did not know the proper way to use it. However, I do not deem it necessary to pass on that question; for, assuming that the plaintiff was ignorant of the method of payment required, or through the ignorance or negligence of some of defendant's servants had been misinformed on that subject, he might be entitled to maintain an action to recover the damages sustained, but not for the penalty imposed by the statute. The purpose of the statute is apparent. It is to secure impartial service to the public, without discrimination; and the penalty is only incurred by acts of partiality, bad faith, or discrimination. Wichelman v. Western Union Telegraph Co., supra. If this be the correct construction to be put upon the statute, then, if the plaintiff had deposited his money in the proper way, and the operator through some defect in the apparatus had failed to hear it when it dropped in the box and refused to allow him to talk, he could maintain an action to recover his damage, but not for the penalty, since, as we have already seen, the imposition of the penalty is limited to acts of partiality, bad faith, or a preference.

The complaint, therefore, must be dismissed.

Complaint dismissed.