# FLESHER v. CALLAHAN *et al.*

No. 1604.   Opinion Filed March 12, 1912.

(122 Pac. 489.)

1.   **ADVERSE POSSESSION—Elements—Hostile Character of Possession—Vendor and Purchaser.** By the execution and delivery of a deed in general terms, the entire legal interest in the premises vests in the grantee; and, if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee; and nothing short of an explicit disclaimer of such a relation and a notorious assertion of right in himself will be sufficient to change the character of his possession.

    (a)   In such case, the grantor is not deemed, in law, to have adverse possession against his grantee, or those deriving title from him.

2.   **ADVERSE POSSESSION—Evidence—Sufficiency.** The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner.

3.   **SAME—Elements in General.** A possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants.

4.   **CHAMPERTY AND MAINTENANCE—Conveyance of Land Held Adversely.** Where land conveyed, though not in the possession of the grantor, is not held adversely by the occupant, the deed is valid.

5.   **PLEADING — Verification — Necessity.** Comp. Laws 1909, sec. 5648, providing that allegations of the execution of written instruments and indorsements thereon shall be taken as true, unless the denial thereof be verified by affidavit, requires the verification of denial of the execution of the instrument only, and not of the authority of the person by whom it was executed.

6.   **SAME—Demurrer to Evidence—Effect.** A demurrer by defendant to the evidence admits the truth of all the evidence offered on the part of plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom.

(Syllabus by Sharp, C.)

*Error from District Court, Okfuskee County;*
*John Caruthers, Judge.*

Action by M. B. Flesher against Benton Callahan and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*C. B. Connor* and *W. A. Huser,* for plaintiff in error.

*J. B. Patterson* and *C. W. Brewer,* for defendants in error.

Opinion by SHARP, C. Plaintiff sued defendants for the recovery of one quarter section of land in Okfuskee county, and for damages for withholding the possession thereof. At the conclusion of the plaintiff's testimony, the defendants interposed a demurrer, which was sustained, and judgment thereupon rendered for defendants. The only question presented is whether or not the demurrer to the evidence was properly sustained.

That Billy Yahola was the original owner of the land appears to have been conceded. Plaintiff's title was by mesne conveyances, offered in evidence as follows: Billy Yahola and wife, Winnie Yahola, warranty deed, dated August 31, 1907, to Green A. Fewell; consideration, $3,200. This deed, duly executed and acknowledged, was placed of record in the office of the deputy clerk and *ex officio* recorder of deeds at Okmulgee, in the then Indian Territory, on the day of its execution. Quitclaim deed from Green A. Fewell to S. M. Wilson, dated November 12, 1909, consideration, $1, duly signed and acknowledged and placed of record at Okemah, Okfuskee county, November 15, 1909. Warranty deed from S. M. Wilson and wife, Flora Wilson, to M. B. Flesher, dated November 20, 1909, consideration $2,100, duly signed and acknowledged and placed of record, November 22, 1909.

On cross-examination, plaintiff testified that F. B. Dale was in possession of the lands sued for during the year 1909 as tenant of defendants, and that defendants were in possession, both at the time the deed was made from Fewell to Wilson and from Wilson to plaintiff. Counsel for defendants urge that, neither Wilson

nor Fewell having been in possession when their deed was made and not having been in possession or collected rent for more than a year, both of said deeds were void as to defendants, and cite *Huston v. Scott,* 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721, in support of their contention. Counsel have overlooked the fact that the rule announced in the above case applies only to persons holding adversely to the owner thereof. It was there said by Dunn, J.:

"For the deed in this case is not void as between the grantor and grantee, nor due to any disability of either the former to make the transfer, or the latter to take the title. The disability does not lie there, but is inherent in the condition of the land itself, which being held adversely under color of title, the conveyance thereof is void as against such occupant. * * * It is a transfer of land in adverse possession, against which the statute animadverts; but the deed made between the parties is good as between them and to all the world."

Adhering to the former opinion of this court in the foregoing case, it was held, in the syllabus of *Powers et al. v. Van Dyke et al.,* 27 Okla. 27, 111 Pac. 939:

"St. Okla. 1895, sec. 2026 (Wilson's Rev. & Ann. St. 1903, sec. 2112; Comp. Laws 1909, sec. 2215), making a misdemeanor the buying or selling of any pretended right or title to land, where the grantor or those by whom he claims have not been in possession or taken the rents and profits thereof for the space of one year before such conveyance, is declaratory of the common law, and a conveyance of land, made in contravention thereof by the rightful owner, as against the person holding adversely, is void."

To bring the case within the prohibition of the statute construed in the foregoing opinions, what proof, then, is there of an adverse holding, whether under color of title or not? Can it be said that, because defendants were in possession of the land on the date of both the Fewell and Wilson deeds, we must therefore presume that they were in adverse possession, within the meaning of the statute?

"Possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the

premises are not held in subordination to any title or claim of others, but against all titles and claimants." (*Wade v. Crouch et al.,* 14 Okla. 593 [78 Pac. 91]).

This definition of adverse possession is that adopted by the Supreme Court of the United States in *Sharon v. Tucker,* 144 U. S. 533, 12 Sup. Ct. 720, 36 L. Ed. 532.

Where the land conveyed, though not in the possession of the grantor, is not adversely held by the occupant, the deed is valid. 6 Cyc. 885; *Gamble, Ex'r, v. Hamilton,* 31 Fla. 401, 12 South. 229; *Cornwell v. Clement,* 87 Hun, 50, 33 N. Y. Supp. 866. A conveyance, not within the spirit and policy of section 2215, *supra,* will be upheld wherever possible, unless it is manifestly and clearly within its terms. 6 Cyc. 873; *Henderson v. Peck,* 3 Humph. (Tenn.) 247.

In *Schwallbach v. C., M. & St. P. Ry.,* 69 Wis. 292, 34 N. W. 128, 2 Am. St. Rep. 740, it was said, quoting from volume 3, Washburn on Real Property, 160, *494:

"The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner."

It was further said by the court:

"Here the testimony fails to disclose anything more than a mere occupancy or possession by any of such subsequent conveyances. That was subordinate to the title of the real owner. We must hold that there is an absence in the record of any evidence of disseisin."

In *Pownal v. Taylor,* 37 Va. 172, 34 Am. Dec. 725, it was said in the syllabus:

"Adverse possession by a defendant residing on the land will not be presumed, without some tortious act on his part, so as to defeat a conveyance by the owner, not in the actual occupancy of the land."

In *Jackson v. Sharp,* 9 Johns. (N. Y.) 163, 6 Am. Dec. 267, it was said that:

"Every presumption should be made in favor of a possession in subordination to the title of the true owner; an adverse possession must be strictly and conclusively proved."

*Rung v. Schoneberger,* 2 Watts (Pa.) 23, 26 Am. Dec. 95.

It is said in *Huntington et al. v. Whaley,* 29 Conn. 391, that the doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner.

In *Alexander v. Polk,* 39 Miss. 737, it was said that the presumption of law is that the possession of land is in subordination and not in defiance of the rights of the true owner; and that it was incumbent on the possessor, claiming to hold adversely to the owner, to show the adverse character of his possession. In order to do this, he must show, either that the owner had actual knowledge of his claim and possession, or that his occupancy and user were so open, notorious, and inconsistent with, as well as injurious to, the rights of the owner, as from these facts to raise a presumption of such knowledge on the part of the owner.

In *Lampman v. Van Alstyne,* 94 Wis. 417, 69 N. W. 171, it was held that evidence of adverse possession must be clear and positive, and should be strictly construed, and every reasonable presumption made in favor of the true owner. *Woodward v. McReynolds,* 2 Pin. (Wis.) 268; *Campau et al. v. Dubois et al.,* 39 Mich. 274; *Livingston v. Perue Iron Co.,* 9 Wend. (N. Y.) 512; *Crary v. Goodman,* 22 N. Y. 170; *Bowie v. Brahe,* 3 Duer (N. Y.) 35; *Bernstein v. Humes,* 72 Ala. 546.

Defendants, in their answer, set up an unexpired lease made with Billy Yahola, dated February 18, 1908, for the year 1909. This lease was executed by Yahola six months after he had conveyed the premises to Fewell. As already shown, Fewell's deed was recorded on the day of its execution, and was therefore notice to the world that Yahola had parted with his title to the lands therein described. Counsel for defendants say that plaintiff, not having denied the execution of this lease under oath, as provided by section 5648, Comp. Laws 1909, its execution and the authority of Yahola is thereby admitted. We do not so construe the above section. The statute provides that:

"In all actions, allegations of the execution of written instruments and indorsements thereon * * * shall be taken as true unless the denial of the same be verified by affidavit of the party, his agent or attorney."

It is therefore the execution only that is admitted, and not the right or authority of the party making it. The fact that Yahola, after making the deed to Fewell, leased the premises conveyed to defendants does not admit that any right or authority therefor in fact existed, as against his grantee or his assigns, and certainly could not be considered as evidence of adverse possession.

By the execution and delivery of a deed of land in general terms, the entire legal interest in the premises vests in the grantee; and, if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee; and nothing short of an explicit disclaimer of such relation will be sufficient to change the character of his possession, and render it adverse to the grantee.

In *McNeil v. Jordan et al.*, 28 Kan. 7, it was said, referring to the general rule that one in possession, under an apparent claim of ownership, is notice to the world of whatever claim the possessor asserts:

"This rule, however, does not, in the nature of things, apply to a vendor remaining in possession. A purchaser from the grantee of the party in possession need not inquire whether such party has reserved any interest in the land conveyed. So far as the purchaser is concerned, the actual occupant's deed is conclusive upon that point. The object of the law in holding possession constructive notice is to protect the possessor from the acts of others who do not derive their title from him, not to protect him against his own acts, not to protect him against his own deed. Therefore, where a grantor executes and delivers a deed of conveyance to go upon record, he says to the world: 'Though I am yet in the possession of the premises conveyed, it is for a temporary purpose, without claim of right, and merely as a tenant at sufferance of my grantee.' The great weight of authorities supports this conclusion."

Numerous authorities are cited in this case in support of this doctrine, and the same was followed in *Sellers et al. v. Crossan*, 52 Kan. 570, 35 Pac. 205. This rule would apply, not only to Yahola, the grantor, but to all subsequent grantees of those claiming through and under him. *Schwallbach v. C., M. & St. P. Ry., supra.*

It is a familiar rule that, whenever both parties claim under the same person, neither of them can deny his right, and, as between them, the elder is the better title, and must prevail. *Gilliam v. Bird*, 30 N. C. 280, 49 Am. Dec. 379, and note, in which the authorities are discussed at length.

Adhering to the rule that all presumptions must be indulged in favor of the rightful owner, and that proof of adverse title must always be established, it was error for the trial court to sustain the demurrer to the evidence.

Defendants, by their demurrer, admitted the truth of all the evidence offered on the part of the plaintiff, together with such inferences and conclusions as, might be reasonably drawn therefrom. *Solts v. Southwestern Cotton Oil Co.,* 28 Okla. 706, 115 Pac. 776; *Moore v. First Nat. Bank,* 30 Okla. 623, 121 Pac. 626, and cases cited. It follows, therefore, that, if plaintiff was the owner of the premises, he is in law presumed to have the right of possession, at least until a better right is established.

For the reasons stated, the judgment of the trial court should be reversed, and the cause remanded.

By the Court: It is so ordered.