### REED v. ATCHISON.

(Circuit Court of Appeals, Eighth Circuit. October 7, 1921.)

No. 5753.

1. **Judgment ⬯951(4)—Evidence held not to show wife estopped by judgment against husband.**

As respects contention that plaintiff's wife, to whom her husband had conveyed land 23 months before he brought action as owner in the state court against defendant and others for possession of the land, was bound by the judgment for defendants in that action, evidence *held* not to show that she authorized him to bring the prior action so as to bind her.

2. **Champerty and maintenance ⬯7(4)—Deed by one out of possession invalid only against adverse occupants.**

A deed by one out of possession, under Rev. Laws Okl. 1910, § 2260, is valid as against all parties except those who were in possession claiming adversely at the time of the execution and delivery of the deed, and is

invalid as to them only if their possession was open, visible, continuous, and exclusive, with a claim of ownership such as to notify parties seeking information that the premises were not held in subordination to any title or claim of others, but against all titles and claimants.

**3. Appeal and error ☞1201(7)—Amendment to substitute real party in interest as plaintiff allowable after reversal.**

Where plaintiff appellant sued for the use of his wife, and the wife at the trial testified that the suit was her suit, brought for her use and benefit, the trial court had power to allow an amendment to the complaint, and a substitution of the wife, as the real party in interest, for her husband as the plaintiff, and it would still have such power after reversal of its judgment for defendant, under Comp. St. § 1591.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action by Andrew Reed, for the use of Mary E. Reed, against A. L. Atchison. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

J. V. Bourland, of Ft. Smith, Ark., for plaintiff in error.

N. A. Gibson, J. L. Hull, and T. L. Gibson, all of Muskogee, Okl., and J. B. Patterson, of Okemah, Okl., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. This is an action brought by Andrew Reed, for the use of Mary E. Reed, the alleged equitable and legal owner of 160 acres of land in the state of Oklahoma, against A. L. Atchison, for the possession thereof and $2,000 rents and profits during the defendant's possession. Both parties claimed title under the heirs of Prince Jefferson, a citizen of the Creek Nation who died intestate in 1901.

The plaintiff alleged and produced substantial evidence to prove that Losky was the wife of Prince Jefferson at the time of his death and his sole heir, that she and Lucy Kernal, a niece of Prince Jefferson and after her marriage Lucy Caesar, conveyed this land to Andrew Reed on July 6, 1904, and that Andrew Reed conveyed it to Mary E. Reed, his wife, for value on February 6, 1911.

The defendant claimed title under a deed from Lucy Kernal or Caesar to him and John W. Wright dated October 14, 1911, and a deed from Wright to him dated October 18, 1912. As the deed from Losky and Lucy Kernal to Reed antedated that from Lucy Kernal to Atchison and Wright, the title on the face of the deeds was in Mary E. Reed, and at the close of the plaintiff's evidence the court properly overruled a demurrer of the defendant to the evidence for the plaintiff.

[1] In his answer the defendant Atchison pleaded that the deed from Losky and Lucy Kernal to Reed was obtained by fraudulent representations, but he produced no evidence at the trial to sustain that plea which was denied by the reply. He also alleged in his answer that in an action in the district court of Okfuskee county in the state of Oklahoma, in which Andrew Reed was the plaintiff and Atchison and others were defendants, that court on February 10, 1914, adjudged

that Reed's claim to the land was baseless, that he and all persons claiming under him were barred from claiming any title or interest therein, and that the title was quieted in Atchison. He averred that the action in the state court was between the same parties and involved the same issues as were involved in the suit in the action now in hand. This averment was denied by the reply. In support of this second defense Atchison, offered, and the court, over the objections and exceptions of the plaintiff, received in evidence, a certified transcript of the pleadings and judgment in the district court of Okfuskee county between Reed on the one hand and Atchison on the other, and then instructed the jury to return a verdict for the defendant Atchison. These rulings are assigned as error.

The objections of the plaintiff to the receipt in evidence of the certified transcript of the pleadings and judgment in the state court were many, and chief among them was this: That the action and judgment in that case were not between the same parties as is this action, in that Mary E. Reed was not a party to that action while she is the real and only party in interest in this action, that the fact that she is the only party in interest in this action appears from the allegations of the plaintiff that she is the owner of the land, that the title was vested in her by Andrew Reed's deed to her on February 6, 1911, that the defendant has taken the rents and proceeds of the land to the damage of Mary E. Reed in the sum of $2,000, and from the persuasive evidence in the record in support of these averments as well as from the prayer of the plaintiff which is for the possession of the land and for judgment for $2,000 "in favor of said Mary E. Reed."

Turning to the certified transcript of the pleadings and judgment in the action in the state court, we find that it was a plain action by Andrew Reed alone against six defendants, of which Atchison was one; that it was not commenced until January 28, 1913, more than 23 months after Andrew Reed had on February 6, 1911, deeded the land to Mary E. Reed; that Andrew Reed alleged in his complaint in the action in the state court that he was the legal and equitable owner of the land, that the defendants were in possession thereof, and had wrongfully kept him out of possession for more than a year to his damage in the sum of $800; and he prayed for judgment for possession, for $800 damages, and for a decree quieting the title to the property in himself. The defendants in that action answered and set up their claim of title under the deed of Lucy Kernal or Caesar of October 14, 1911, and there was a decree in their favor. But Mary E. Reed had acquired her claim and title to that property more than 23 months before that action was commenced, so that on the face of the transcript of the pleadings, judgment, and proceedings in the state court, she was not and could not be in any way bound or estopped thereby.

Counsel for Mr. Atchison, however, argue that Mary E. Reed was estopped because she was the wife of Andrew E. Reed and because of her testimony in this case in that she said she knew, when her husband brought suit in his name in the state court to put Atchison out, that she

had her deed then, that he brought that suit and lost it, and because she further testified in this way:

"Q. He did lose it? A. Yes, sir; but I was not in the suit at all.
"Q. But you were in the court there? A. No, sir; was not there.
"Q. You think you knew of the filing? A. Yes, sir; but I was at home.
"Q. You did not tell your husband much about it? A. He told me what the lawyers said, and what could I do?
"Q. He told you your lawyers said you could win it and could not stop it? A. He said he would have to bring it in his name and I could not tell the man what to do; I am not supposed to know the law."

Mrs. Reed testified that she might have known about the suit, but that she never authorized him to bring it or conferred with him about bringing it before it was brought or had "a thing in the world to do with it." This evidence is very far from sufficient to bar an owner of property from a hearing and trial of her claim to it by a judgment against her grantor in an action to which she was not a party commenced by him more than 23 months after he had conveyed the property to her, and we here dismiss this contention.

[2] Another claim of counsel for Mr. Atchison is: (1) The deed of Andrew Reed to Mary E. Reed was champertous and void under section 2260 of the Revised Laws of Oklahoma, which makes it a crime for any person to buy or to procure or make any covenant to convey any pretended right to lands or tenements in that state unless the grantor thereof or the person making such covenant or those under whom he claims have been in possession thereof or have taken rents or proceeds thereof for one year before such grant or conveyance was made; (2) the grantor in a deed champertous under this statute may maintain an action for the use of the grantee for the recovery of the land described in the grantor's deed although the grantee cannot, Powers v. Van Dyke, 27 Okl. 27, 29–32, 111 Pac. 939; 36 L. R. A. (N. S.) 96; (3) therefore Andrew Reed brought his action in the state court, not for himself but for Mrs. Mary E. Reed, on the ground that he was the grantor in his champertous deed to her and the judgment in that case estops her from claiming the land. But the short and conclusive answer to this argument is that when the transcript of the judgment and proceedings in the state court were offered in evidence, the major premise of this syllogism, the statement that the deed of Reed was champertous, had been admitted or proved to be untrue: First, by the legal presumption that neither Andrew Reed nor Mrs. Mary E. Reed committed the crime of making or taking such a deed, a crime which under section 2260 would have subjected each of them to liability to fine or imprisonment; and, second, by the pleadings and proof in this case.

Counsel cite in support of their statement that the deed to Mary E. Reed was champertous, the allegation which appears in the complaint in this action being:

"That at the time of the conveyance aforesaid by Andrew Reed to Mary E. Reed, neither the said Andrew Reed nor the person through whom he claimed title had been in possession of said land, nor had they taken rents or proceeds therefrom for the space of one year, and for this reason this action is brought in the name of said Andrew Reed for the use and benefit of his said grantee."

But, if the facts contained in this allegation had existed and had been admitted, they would not have rendered Mr. Reed's deed champertous. For a deed by a grantor who has not been in possession, and whose predecessors in interest have not been in possession and have not derived rents and proceeds from the land within a year preceding the execution of the deed, is valid against all parties, except those who were in possession claiming adversely at the time of the execution and delivery of the deed. And the possession of such adverse claimants requisite to invalidate such a deed "must be open, visible, continuous, and exclusive, with a claim of ownership such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants." Flesher v. Callahan, 32 Okl. 283, 285–287, 122 Pac. 489, and cases there cited. And there was no averment in any of the pleadings in this case, nor was there any evidence that the defendant Atchison or any of his predecessors in interest was in possession of this land claiming adversely on February 6, 1911, when Reed made and delivered his deed to Mrs. Mary E. Reed. Not only this, but Atchison in his answer denied the quoted allegation in the complaint. He denied each and every allegation of fact in said petition contained except such as are in his answer specifically admitted, and that allegation was not specifically admitted. In this state of the pleadings Mrs. Mary E. Reed was sworn at the trial of this case and testified that she was the person for whom this action was brought, a certified copy of her deed from Andrew Reed was offered and received in evidence without objection, and no evidence was offered or received in this case which tended to prove, either (1) that she or her predecessor in title had not been in possession of the lands and had not received rents or profits therefrom for a year before she received her deed, nor (2) that the defendant Atchison or his predecessors in title were in possession of the land claiming adversely, when Mr. Andrew Reed made and delivered his deed to her—two indispensable conditions to the invalidity of that deed for champerty. Moreover, the course of the trial indicates that when the denial of the quoted allegation of the complaint was made in the answer, both parties treated the issue of champerty as out of the case and proceeded to match Mrs. Mary E. Reed's title from Losky against Mr. Atchison's from Lucy Kernal or Caesar.

Nor is there anything in the transcript of the judgment and proceedings in the state court tending to indicate that in that case Mr. Reed was suing or claiming as grantor in his deed to Mary E. Reed for her use on the ground that his deed to her was champertous. On the other hand, he alleged in his complaint in that case which was filed in January, 1913, that he was the owner of both the legal and equitable title to the land, and that the six defendants were unlawfully in possession of it, and asked for possession, damages, and a decree quieting the title in himself, but made no averment concerning or referring to his deed to Mrs. Reed. Atchison and the other defendants in their answer in the state court made no reference to that deed, nor is there any reference to it in any of the proceedings certified from the district

court of Okfuskee county. The issues presented by the pleadings in that case were foreign to any question concerning or title under the deed from Andrew Reed to Mary E. Reed, and this court may not lawfully presume from this state of the record in the state court that Mr. Reed sued or sought to recover in that case, for the use of his grantee in a champertous deed, the execution of which would have made him liable criminally in the face of the presumption of innocence and the record that he sued in his own right and for himself. The result is that the averment in the complaint upon which counsel for Mr. Atchison rely so confidently was in itself futile, immaterial, and negligible. It was insufficient to charge champerty. It was denied by the defendant, no evidence, no reference to it was offered or received. All these things were known to counsel when the certified transcript of the pleadings and judgment in the state court were offered in evidence, and that averment wrought no estoppel of Mary E. Reed from proving and relying on her deed and title in the court below and in this court.

[3] The court below had ample authority at the trial after Mrs. Reed had testified that this suit was her suit, brought for her use and benefit, to allow an amendment to the complaint and a substitution of Mary E. Reed, the real party in interest, for Andrew Reed as the plaintiff in this action, and it will still have authority so to do after the reversal of the judgment already rendered. U. S. Comp. Statutes, § 1591.

The entire record before this court has been examined and deliberately considered with the purpose to follow the admonition of the statute that on the hearing of any appeal or writ of error "the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions, which do not affect the substantial rights of the parties." Judicial Code, § 269, as amended, 40 Statutes 1181, Supplement 1919, U. S. Compiled Statutes, § 1246, and this is our conclusion:

The truth is that on the pleadings and evidence before us there is no question of champerty in this case. The plaintiff proved the record title to the land in Mary E. Reed and that title must prevail, unless convincing evidence is produced on another trial of facts, not proved at the trial under review impugning that title. The record before us compels the conclusion that the action in the state court was not brought by, or by the authority of, on the right of or for the use of Mrs. Mary E. Reed, who is the real party in interest in this suit, and she is not bound or estopped by the judgment in the state court. It was therefore error to receive in evidence the certified copy of the transcript of that judgment and of the proceedings in that court. And because, in the absence of that transcript, there was no evidence to sustain the court's instruction to the jury to return a verdict for Mr. Atchison, that direction was also erroneous. Let the judgment below be reversed, and let the case be remanded to the court below with directions to grant a new trial.