**BOWLES, Mayor, v. PERKINSON et al.**

No. 12774—Opinion Filed Feb. 13, 1923.

(Syllabus.)

**1. Injunction—Injunction Against Water Superintendent—Refusal.**

In an action for injunction by the mayor against the water superintendent to compel the water superintendent to deliver over funds collected daily to the city treasurer and to enjoin the water superintendent from conducting the water plant of the city in a certain manner and method, where, upon trial of the case, the court refused the injunction, and the record discloses that no fraud existed in the manner of conducting and operating the plant, and the money was paid over by the water superintendent as provided by the city ordinance, and there is no evidence

that the water superintendant will or has made any illegal purchases or paid out any money illegally, held, under the facts in the case the trial court did not err in refusing to grant an injunction.

**2. Same.**

Record examined, and held, that the trial court committed no error in dissolving the temporary injunction and dismissing plaintiff's petition.

Error from District Court, Bryan County; Geo. S. Marsh, Judge.

Action by R. P. Bowles, Mayor of City of Durant, against W. H. Perkinson, Water Commissioner, and others for injunction. Judgment for defendants, and plaintiff brings error. Affirmed.

Deck & Newman, for plaintiff in error.

McPherren & Cochran and Hayes & McIntosh, for defendants in error.

McNEILL, J. This action was commenced in the district court of Bryan county by R. P. Bowles, mayor of the city of Durant, against W. H. Perkinson, water commissioner, Ollie James, Bertha Mayo, and Durant National Bank. The prayer of the petition is as follows:

"Wherefore, the plaintiff prays, that a writ of injunction be issued against the defendant, W. H. Perkinson, enjoining him from making any contracts in the name of the city of Durant with any person or persons, and that he be enjoined from paying any of the bills, accounts or from making settlement of any claim of any kind or character for the city of Durant; that he be enjoined from drawing checks on any bank and using the funds of the city of Durant to pay any kind or character of a claim; that he be enjoined from assuming full authority to run the water department of the city of Durant. That he be enjoined from employing and discharging employes of the city of Durant; that the Durant National and Commercial National Banks be enjoined from paying out any money they have on deposit in which the city is interested unless on warrant duly issued; that the defendants Ollie James and Miss Bertha Mayo be commanded to deliver and turn over daily all of the money they collect from the water department or any other department to the city treasurer, and to no other person or persons."

The defendants Mayo and James filed answers alleging they were employes of the city assisting the water superintendent, and had no interest in the controversy, and were depositing the money collected to the credit of the water superintendent.

Perkinson answered, alleging he was the regular appointed water superintendent, and executed his bond as required by ordinance,

and denied he had performed any duties alleged in the petition illegally, but alleged he had conducted his office as directed and under the advice of the city council. That his office was created by city ordinance No. 268, which fixed his duties, and section 9 as amended authorized him to collect the water rentals, and directed that he pay the same over to the city treasurer on the 11th day of each month, and required that he file a detailed statement of all rentals collected, one copy of which should be deposited with the city clerk of said city, and that he had complied with said provisions of the city ordinance. A restraining order was issued at the time of filing the petition. Upon the trial of the case, the court dissolved the temporary injunction and dismissed plaintiff's petition.

From said judgment, the plaintiff has appealed. The plaintiff, to support the allegations of this petition, called as witnesses the three defendants, Ollie James, Bertha Mayo, and Perkinson, being the only evidence introduced in the case. The evidence disclosed that the city of Durant is the owner of its water plant and W. H. Perkinson is the duly appointed and acting water superintendent, and Ollie James and Bertha Mayo are employed in this department to assist in collecting the water rentals and keeping the books relating to this department. The evidence further disclosed that as the funds were collected they were deposited in the bank in the name of W. H. Perkinson, water superintendent, and that each month a statement was prepared as required by section 9, showing the amount collected, and filed with the city clerk, and that on or before the 11th day of each month the funds thus collected were paid over to the city treasurer. The evidence disclosed that Perkinson had been water superintendent for a term of six years.

There is no evidence in the record that the water superintendent made any illegal contracts or purchases in operating the city water plant. The controversy is between the mayor and city council and the water superintendent over the method of conducting the water department. The mayor contends that as the funds are collected they should be paid over daily to the city treasurer so that the funds would draw interest. The next controversy is as to the method adopted by the city council and water superintendent in handling emergency claims, such as coal shipped with bill of lading attached, items of express, and labor that is employed in emergency cases when necessary to repair the water plant or the mains. The water superintendent testified that with the advice, direction, and consent of the city council

when emergency claims were presented he would issue a check in payment of the same, drawn on the funds deposited in his name, and would take the bill of lading or receipt and attach it to a claim and file the claim with the city council, and at the next meeting the council would allow the claim and issue a warrant for the same, which warrant would be cashed by him, and he would reimburse his fund and then turn the full amount of his collections over to the city treasurer. The court found from the evidence that the city had never lost a dollar, nor had any illegal claims been paid during the six years Mr. Perkinson had been water superintendent. There is no evidence that any claim had ever been paid for any illegal contract or for any articles purchased that were not necessary to operate and conduct the water plant.

The plaintiff in error contends that injunction will lie against an officer for misapplying public funds or applying them to a use or purpose prohibited by the Constitution or laws of the state or city and relies upon the case of Board of Education v. Territory ex rel. Taylor, 12 Okla. 286, 70 Pac. 792, and State ex rel. Attorney General v. Huston, 21 Okla. 606, 113 Pac. 190. We do not believe these cases are in point or applicable to the facts existing in the instant case.

The courts have no authority to require by injunction or mandamus the water superintendent to turn over the funds collected by him every day, when the city ordinance only requires the city officers to turn said funds over to the city once a month. This is a matter to be regulated by ordinance, not by injunction. Neither is the method and manner of conducting the water plant a matter to be regulated by injunction. This court may enjoin the city council or the water superintendent from expending public funds for an unauthorized purpose. The trial court found that no money was expended for an unauthorized purpose, and there is no evidence that any money has been expended for an unauthorized purpose. It is the duty of the council to pass such ordinances as are necessary to properly conduct and operate its water system, and if the officers violate the ordinances, the court may enjoin the violation thereof. We know of no authorities that authorize the courts to interfere by injunction where no ordinances or statutes are violated and where there is no evidence to show that the funds have been dissipated, or that money has been paid out upon any illegal contracts or any illegal contracts have been entered into.

The rule in 22 Cyc. 889 is stated as follows:

"Where the municipality is proceeding legally or where there will be no irreparable injury to the complainant or where the injured party has an adequate remedy at law, an injunction will be refused."

In the case at bar not only the facts failed to disclose any irreparable injury to the plaintiff, but the court found he suffered no injury.

In 22 Cyc. 896, it is stated as follows:

"Where the payment is actually not illegal, or where the propriety of the payment is merely doubtful, or where there is sufficient remedy by appeal or certiorari, an injunction will not issue."

In the case of Merriam v. Board of Supervisors of Yuba Co. (Cal.) 14 Pac. 137, the court stated:

"If they willfully appropriate moneys for a purpose not authorized by positive law, they are liable civilly and criminally. If other safeguards are needed, the Legislature can provide them. It is not the province of the courts."

The matters in dispute, in our judgment, are matters for the city council in their legislative capacity and cannot be regulated by injunction.

For the reasons stated, the judgment is affirmed.

JOHNSON, V. C. J., and KANE, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.