## RODGERS v. INTERNATIONAL LAND CO.

No. 12457—Opinion Filed March 18, 1924.

Rehearing Denied Jan. 10, 1925.

Motion to Recall Mandate Denied April 14, 1925.

**1. Adverse Possession— Proof and Presumptions as to Title.**

The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner.

**2. Same—Requisites of Adverse Possession.**

A possession, to be adverse, must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants.

**3. Judgment Sustained.**

Record examined; held, to support judgment in favor of the defendant for an undivided one-half interest in the real estate.

(Syllabus by Stephenson, C.)

Commissionrs' Opinion, Division No. 4.

Error from District Court, Seminole County; J. W. Bolen, Judge.

Action by C. B. Rodgers against the International Land Company, to quiet title in real estate. Judgment for defendant for an undivided one-half interest in the property. Plaintiff brings error. Affirmed.

Ernest B. Hughes, Earl Foster, and Edwin A. Ellinghausen, for plaintiff in error.

Leahy & Brewster and J. B. Campbell, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendant to quiet title in certain real estate described in the petition. The cause was submitted for trial on an agreed statement of facts filed therein and judgment went for the defendant quieting an undivided one-half interest in the property in the defendant, and the other undivided one-half interest in the plaintiff. The plaintiff has brought error to this court and assigns the ruling of the court in applying the 15-year Oklahoma statute of limitation in the cause in lieu of the 7-year Arkansas limitation, as error for reversal. The parts of the agreed statement of facts material in considering the assignment of error are as follows:

(1) Vina Sampson was a full-blood Creek Indian, duly enrolled on the approved tribal rolls of the Creek Nation, who died in the year 1899, and prior to receiving her allotment of lands from the Creek Nation.

(2) Vina Sampson left as her next of kin two children, Martha Sampson and Washington Sampson, who were allotted the lands involved herein as the heirs of Vina Sampson, deceased.

(3) On the 23rd day of August, 1902, Martha Sampson executed and delivered an agricultural lease on the premises to the Wewoka Realty & Trust Company for a period of five years, commencing January 1, 1903, for a cash rental of $12, payable on January 1, and July 1, each year, during the life of the lease, which expired December 31, 1907.

(4) On December 21, 1905, Martha Sampson, for a valuable consideration, made, executed, and delivered her warranty deed to the International Land Company, conveying all her interest in the property involved herein to the land company. The deed was filed for record in the office of the deputy clerk of the United States court at Wewoka, on the 22nd day of December, 1905. The deed did not require approval.

(5) On June 28, 1907, Martha Sampson and Washington Sampson executed and delivered their joint warranty deed to C. B. Rodgers, the plaintiff herein, conveying all the interest they then held in the property herein to the plaintiff. The grantors being full-blood Indians, the deed was filed with the Department of Interior on or about the 1st day of August, 1907, for approval. The deed was approved by the Secretary of the Interior on the 6th day of February, 1908, and filed for record in the office of the register of deeds of Seminole county on March 26, 1908.

(6) The Wewoka Realty & Trust Company, through its sublessee, Mr. Terrell, remained in possession of said lands until January 1, 1908, and the tenant, Terrell, paid the 1907 rental to the Wewoka Realty & Trust Company.

(7) The plaintiff, C. B. Rodgers, went into possession of the lands in June, 1907, under his deed, and asserted title to the entire estate, but Terrell was occupying the lands or a portion thereof under the Wewoka Realty & Trust Company at the time the plaintiff took possession of the premises.

(8) Terrell occupied the lands in controversy commencing January 1, 1908, for the plaintiff, and paid the 1908 rental to the plaintiff.

(9) The International Land Company has never at any time received, collected, or demanded any rents from said lands from any one.

(10) Whatever possession the International Land Company held in the premises was by Terrell, through the Wewoka Realty & Trust Company, by virtue of the deed of grant from Martha Sampson bearing date as of the 21st day of December, 1905.

(11) The plaintiff was never in the actual possession of the lands involved herein.

The plaintiff takes the position that his possession of the lands involved herein under his deed of grant in June, 1907, amounted to an ouster of the defendant, if the defendant was ever in possession, and that such possession and claim of title as he exercised commencing in 1907 was sufficiently adverse to the rights of the defendant to set in operation section 4471, Mansfield's Digest, which provided that any claim of the defendant should be barred within seven years from the adverse possession of the plaintiff, commencing in June, 1907. The defendant urges that the possession and claim of title by the plaintiff were not inconsistent with the defendant's possession and right of possession through its deed from Martha Sampson bearing date as of December 21, 1905, and did not set into operation the seven-year statute of limitation pre-

scribed by section 4471, supra. It is further contended by the defendant that the 15-year statute of limitation prescribed by our statute applies in this action. The defendant's deed from Martha Sampson did not require any approval, and operated to convey all interest owned by the grantor in the property at the time of its execution and delivery. At the time plaintiff's deed was taken, as the grantors were full-blood heirs, the deed required the approval by the Secretary of the Interior in order to be operative. The effect of this situation resulted in the defendant being the owner of an undivided one-half interest in the property at the time the plaintiff received his deed in June, 1907. Therefore, the plaintiff, by the joint deed of Martha Sampson and Washington Sampson, took only an undivided one-half interest in the property herein involved. The plaintiff relies on the deed for the right to recover an undivided one-half interest in the property and on the seven-year statute of limitation for the right to recover the other undivided one-half interest received by the defendant through its deed from Martha Sampson in December, 1905. The plaintiff in error submits for consideration the single question of the proper limitation to be applied in this case. The defendant, by virtue of its deed of grant, succeeded to all the rights of Martha Sampson to receive and collect the rentals provided for by the terms of the lease between its grantor and the Wewoka Realty & Trust Company, and in turn the trust company was entitled to receive the payment of rentals from its sublessee in possession of the property. At the time the plaintiff received his deed, Terrell was rightfully in possession of an undivided one-half interest of the property through the lease from the Wewoka Realty & Trust Company, which was bound by the terms of the lease and deed to attorn to the defendant. At the time the plaintiff claims to have gone into possession of the premises the defendant, by reason of the matters herein set forth, was in possession by the tenant, Terrell, through the Wewoka Realty & Trust Company. The plaintiff, at the time he went into possession of the property in June, 1907, was the owner of an undivided one-half interest in the property, dependent, however, on the subsequent approval of his deed by the Department of the Interior, which, in fact, was duly approved the following February. The plaintiff had the right to go into possession by virtue of his deed in June, 1907, and his continued possession through 1907

was not inconsistent with the actual occupancy and possession by Terrell, the sublessee of the Wewoka Realty & Trust Company. The payment of rentals by Terrell to the Wewoka Realty & Trust. Company for the year 1907, gave evidence on the part of the plaintiff and Terrell to treat the possession of both parties as a cotenancy, which status appeared to continue until December 31, 1907. Every cotenant has the right to enter into and occupy the common property and every part thereof, provided in so doing he does not exclude his fellow tenants or otherwise deny to them some right to which they are entitled as cotenants. Until a cotenant commits some hostile act, which amounts to an ouster of the other cotenant, the latter has the right to assume that the possession taken and held by the former is as a cotenant and for the benefit of all the cotenants. Ashford v. Ashford. 136 Ala. 631, 34 South. 10, 96 A. S. R. 82; Layton v. Campbell, 155 Ala. 220, 130 A. S. R. 17; Russell v. Tennant, 63 W. Va. 623, 129 A. S. R. 1024.

This court had before it the question of acts and conduct which are sufficient to constitute adverse possession, and the degree of proof which plaintiff must show in order to come within the doctrine of adverse possession in Fleher v. Callahan et al., 32 Okla. 283, 122 Pac. 489. Therein this court laid down the rule requiring adverse possession to be shown by clear and positive proof. It is further held that every presumption is in favor of possession in subordination to the title of the true owner. The agreed statement of facts upon which this cause was submitted for trial does not contain any statement inconsistent with the presumption that plaintiff took and held possession of the property in subordination to the title of the defendant during the year 1907. The plaintiff failed to bring himself within the rules applied in Flesher v. Callahan, supra, and was not entitled to set up the seven-year statute. As the defendant's action was not barred by the fifteen-year statute of Oklahoma, it follows that judgment was proper in favor of the defendant for an undivided one-half interest in the property. We do not desire to be understood as passing on the right of plaintiff to assert the statute of limitation against the defense of the defendant.

Therefore, it is recommended that this cause be affirmed.

By the Court: It is so ordered.