CLARK et al. v. ATCHISON, T. & S. F. RY. CO. et al.

No. 19382. Opinion Filed Sept. 9, 1930.

Franklin H. Griggs, for plaintiffs in error.

Rainey, Flynn, Green & Anderson, M. M. Gibbens, Biddison, Campbell, Biddison & Cantrell, and A. E. Montgomery, for defendants in error.

LESTER, V. C. J. The parties appear on appeal in the same order as in the court below.

The plaintiffs brought an action in ejectment against the defendants and for damages for the withholding of the premises from the plaintiffs.

The plaintiff Ellen Clark based her claim of title wholly on adverse possession of the land in question since 1901. Upon hearing of the cause before the court and jury, and after the plaintiff rested her case, a demurrer to the plaintiff's evidence was sustained, judgment was rendered in favor of the defendants, and from this judgment the plaintiffs appeal.

The only question before the court is

whether or not the plaintiffs' evidence was sufficient to cause the court to submit the facts to the jury.

The well-established rule relating to title by possession is that it must be shown by clear and positive proof that possession of the premises was continuous, exclusive, open, visible, and hostile for the statutory period of time.

The plaintiff quotes in her brief the testimony of Ellen Clark. It appears that the land in question is divided into several lots, and that she still resides on a part of the land upon which she settled in 1901, but we are unable to determine from plaintiff's testimony whether or not she continued in open, notorious, and adverse possession in the lots in question a sufficient length of time as to meet the requirements of the law.

The plaintiffs cite a number of cases to support the rule that in an action in ejectment founded upon a title acquired by adverse possession the question of the extent of the area so held is exclusively for the jury. We think this rule is correct, but where there are a number of parcels of land there must be some competent evidence to show that the same was possessed and occupied adversely by the claimant for the statutory length of time before the claimant would be entitled to have the question submitted to a jury.

We have examined the plaintiff's testimony with great care, and we do not think that it is sufficient to meet the rule as set forth in the case of Rodgers v. International Land Co., 111 Okla. 98, 238 Pac. 407 (paragraphs 1 and 2 of the syllabus):

"1. The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner.

"2. A possession, to be adverse must be open, visible, continuous, and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants."

Judgment of the district court is affirmed.

MASON, C. J., and CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

HUNT, J., disqualified. RILEY, J., absent.