### ANDERSON v. FRANCIS et al.

No. 23704. April 7, 1936.

Rehearing Denied May 12, 1936.

Jasper Edwards and Hall & Thompson, for plaintiff in error.

Stuart, Bell & Ledbetter, for defendants in error.

PER CURIAM. This is an action to quiet title filed by Francis et al., as plaintiffs, against Anderson et al., defendants, and the parties will be referred to as they appeared in the lower court; that is, Francis et al. as plaintiffs, and Anderson as defendant.

Plaintiffs alleged that they were in the actual and exclusive possession of the land in question; "that the defendants had no title to any portion of the land, but that the defendant Anderson is claiming ownership and title, and conspiring with others to eject the plaintiffs from possession"; and that the claims of the defendants to said land cast a cloud upon the plaintiffs' title, which plaintiffs were entitled to have removed. and that the defendants be permanently enjoined from interfering with the title or possession of the plaintiffs.

The defendant Anderson claimed title by adverse possession for more than 15 years, and alleged that as early as 1908 he had built a permanent fence around the property, and prayed that his title be quieted and that he be decreed the legal and equitable owner.

Numerous witnesses were introduced by both the plaintiffs and defendant.

The plaintiffs' evidence showed clearly that the p'aintiffs had title to the land in controversy by an unbroken recorded chain of title from the time patent issued by the government, and that the plaintiffs had paid all taxes on said land from 1912 up to the time of the filing of the suit in January, 1932.

Plaintiffs' evidence was further to the effect that the defendant had not been in the possession of the land continuously, but such

possession as he had was irregular, and a "scrambling possession."

The defendant Anderson testified that he went into possession of the land in 1908; that he built his fence around the land in 1908. Anderson also testified that in the summer immediately before the filing of the suit he had seen one of the former owners, a Mrs. Cato, and promised this former owner to help her; that he would employ an attorney for her; that this former owner had told him to look after the land, and that if she were successful, defendant expected to receive a portion of her share. And here, let us observe that from the record and written instruments introduced, this Mrs. Cato and her husband had conveyed this land, with other lands, by deed dated March 2, 1910, which was duly recorded, and relied upon by plaintiffs as a part of their chain of title.

Anderson made no claim that he had paid any taxes or offered to pay any taxes. The evidence tended to show that he was rightfully on other land, in the vicinity, not the subject-matter of the action, and that he may have erected fences, but the evidence of the witnesses was conflicting as to the land that defendant claimed he enclosed, and also conflicting as to whether the fences were erected by defendant, or others. The evidence was also conflicting as to whether there was any enclosure at all embracing the land in litigation with the land that defendant may have been rightfully in possession of, and also conflicting as to the location of the fences. The evidence was also conflicting as to who had erected two small box houses on the property.

At the close of the testimony judgment was rendered in favor of the plaintiffs, and the defendant appeals.

The question presented for decision on this appeal is whether the general finding of the court in favor of the plaintiffs is sustained by sufficient evidence.

Under the statutes of this state, and the decisions of our court, a title by prescription is recognized, and a title acquired by adverse possession is a title in fee simple, and is as perfect a title as one by deed from the original owner.

The decisions of our court, however, are in harmony with the great weight of authority, and that is that the doctrine of adverse possession, or title by prescription, is to be taken strictly, and every presumption is in favor of a possession in subordination to the rightful owner. Title by adverse possession, therefore, must be established by clear and positive proof. It cannot be made out by inference. Clark v. Atchison, T. & S. F. Ry., 144 Okla. 244, 291 P. 86; Honeyman v. Andrews, 124 Okla. 18, 253 P. 499; Rodgers v. International Land Co., 111 Okla. 98, 238 P. 407; Huseman v. Rauch, 159 Okla. 296, 15 P. (2d) 60.

It was the contention of the defendant that his prescriptive title had been proven by the plaintiffs, for the reason that the plaintiffs, in September, 1915, had given him a notice to vacate the land, and that in January, 1916, still recognizing that he was in possession of the land, plaintiffs had served a second notice. Both of these notices were introduced into the evidence. However, they indicate that plaintiffs did not at that time consider Anderson was claiming title, but that he was one wrongfully in possession as tenant, and following one of these notices plaintiffs testified they filed a forcible entry and detainer action and recovered judgment for possession, and put the defendant off the property. The justice court records were not produced, but plaintiffs claimed they had been destroyed. Plaintiff Francis, in his testimony, was most positive that after filing the action in the justice court pursuant to judgment rendered therein plaintiffs obtained possession of the land. The plaintiff Francis positively testified that in 1918 plaintiffs were in possession of the land, and in that year a young man was in possession of a one-room house which this young man had built, but that this young man went to "boot-legging," and plaintiffs gave him notice to vacate, but before plaintiffs could give the second notice "the officers got him and carried him off," and in that way plaintiffs got him off, and that since 1918 the one-room house erected by this young man had had an addition added thereto. This was one of the improvements that Anderson claimed he had made on the property.

The plaintiff Francis further testified that the two small houses in question, which the defendant claimed to have erected, were erected by others. Other witnesses for the plaintiffs testified that defendant had admitted to them that he had no title or interest in the land. The defendant's own testimony as to claim of ownership was uncertain and contradictory. Certainly he could not be asserting title in himself if he was holding possession for Mrs. Cato the summer before this suit was instituted.

Possession alone is not sufficient to give title. The possession must be adverse and

exclusive for that period of time fixed by law, for it is well settled that:

"In addition to the necessity of having an open, notorious, exclusive and hostile possession * * * it is also essential that such possession, in order, that it may ripen into title, should be shown to be continuous and uninterrupted for the full statutory period. The moment the possession is broken it ceases to be effectual, because, as soon as, and as often as a break occurs, the law restores the constructive possession of the owner." 1 R. C. L. 716.

It was conceded that the plaintiffs had the record title, and had for 18 years paid the taxes. It was conceded that the defendant Anderson had not paid taxes nor offered to pay taxes.

The payment of taxes is not a controlling circumstance, but it is one of the means whereby a claim of ownership is asserted, and the failure to pay taxes for so long a time tends to weaken a claim of ownership by adverse possession. Finn v. Alexander, 102 Kan. 607, 171 P. 602, 1 R. C. L. 699.

The defendant also objects to the judgment of the court, in that he was permitted to remove, by decree of the court, the two little houses situated upon the land, which he claimed to have erected, and which the plaintiffs claimed were erected by others, as being inconsistent with the judgment finding that the defendant had failed to establish his title by adverse possession.

We do not so find. The evidence was conflicting as to who had erected the houses, or how long the houses had been there. If these two little houses had been so erected as to become a part of the real estate, then the plaintiffs alone, who had their title quieted as against the defendant Anderson, were entitled to complain, and the error is to the advantage of the defendant. But the plaintiffs have not complained, and have filed no cross-petition, but have acquiesced in the judgment of the court. It was an equity case, and if the defendant had erected the houses, certainly he is not rendered an injustice by being permitted to remove them.

The case of Clark v. Atchison, T. & S. F. Ry. Co., supra, is very much like the present case, and under the law there announced, if this had been a trial before a jury, the court would have been warranted in taking the case away from the jury and finding for the plaintiffs, or directing a judgment in favor of the plaintiffs, on the testimony of Anderson alone.

We have carefully examined all of the testimony introduced by the plaintiffs and defendant, and there appears to be abundant proof to sustain the finding of the court, and therefore the judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Carter Smith, W. F. Tucker, and M. C. Spradling in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Smith and approved by Mr. Tucker and Mr. Spradling, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.