James E. CARSON and Mary K. Carson, Plaintiffs in Error,

v.

Florence KEITH, Defendant in Error.

No. 40883.

Supreme Court of Oklahoma.

Oct. 10, 1967.

Chas. E. Jackson, Pauls Valley, for plaintiffs in error.

W. D. Hart, Pauls Valley, for defendant in error.

IRWIN, Vice Chief Justice:

The issue presented is whether prescriptive title by adverse possession was acquired to a tract of land located between a fence line and the recorded boundary line. The trial court determined that defendant in error, herein referred to as defendant, had acquired prescriptive title to said tract and quieted her title as prayed for in her cross-petition. Plaintiffs in error, herein referred to as plaintiffs, have appealed from the order overruling their motion for a new trial.

Plaintiffs commenced proceedings to quiet title to a quarter section of land which included the above mentioned tract. Plaintiffs alleged they were the owners of the quarter section and defendant was the owner of the tract immediately east and adjacent to their tract; that the section line separating these two tracts had never been opened and the fence line, which had been erected previously by predecessors in title, was erected partially upon plaintiffs' land because of a small creek; and that this location of the fence line resulted in a small tract of plaintiffs' land being on defendant's side of the fence.

Defendant filed a cross-petition wherein she pleaded the statute of limitation and alleged she was the owner of the land up to the fence line; and that she acquired title by prescription to the small tract by adverse possession for the prescribed period of time.

Plaintiffs contend the judgment of the trial court is not sustained by sufficient evidence and contrary to law.

The record reflects the defendant and her husband, who is now deceased, acquired their tract of land in May of 1944, which was more than fifteen years prior to the commencement of this action. The fence between the parties' land has remained in its present location for the last 40 years. Defendant testified that she and her husband had always cultivated or cleared brush from under the pecan trees on the area in dispute, and either gathered, or sold to others, the pecans; that she and her husband had always grazed their cattle up to the fence line and claimed the exclusive right, ownership and use up to the fence line and they had never recognized anyone else as owning the area in dispute, and were presently in possession of the property.

A former owner of plaintiffs' property stated that in 1960, she and three hired men started to gather pecans on the disputed area; that defendant had already sold the pecans to a Mr. A; that to avoid a dispute or trouble when confronted, she and the three men stopped picking the pecans, vacated the area and abandoned any further attempt to gather the pecans; that when she owned plaintiffs' land she only grazed up to her side of the fence and never made any attempt to remove or relocate the fence; that she had a survey made of the premises and sold the land to Mr. N in 1961. Plaintiff Carson testified he was aware of the fence location when he purchased the land from Mr. N in 1962; that he observed the posts or survey stobs where a survey had been made; that he advised defendant he was going to put the fence on the line and she advised him to not touch that fence until he saw her lawyer; that she let him know she was claiming up to the fence line and had been doing so for about 19 years continuously and uninterrupted. Plaintiff Carson, who owned his land about 9 months when this action was filed, apparently abandoned any further effort to move the fence.

Plaintiffs submitted the deposition of Mr. D, who was the previous owner of defendant's land, and it reflected his permissive use of this disputed area by a former owner of plaintiffs' land but his testimony was disputed by his former wife who at the time occupied the land with him. It is to be noted this testimony relates to events preceeding the time that defendant purchased her property.

■ Plaintiffs rely on the fact they and their predecessors allegedly paid taxes on the disputed area. The payment of taxes is not a controlling circumstance, but it is one of the means whereby a claim of ownership is asserted. Anderson v. Francis, 177 Okl. 47, 57 P.2d 619; Kouri v. Burnett, Okl., 415 P.2d 963.

■ Plaintiffs also rely on the fact the disputed area was included in the legal description appearing on their deed, and those of their predecessors, but did not appear in defendant's deed nor those of her predecessors. In Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103, we quoted extensively from 2 C.J. § 185, sub-division b, pages 781 and 782. The same quoted language now appears in the same numbered volume, section and pages of C.J.S. A pertinent portion of said language is as follows.

"Furthermore, the boundaries defined in the instrument do not constitute an absolute limit on claimant's possession; that possession which depends on color of title can go no further, it is true, but additionally there may be a possession beyond such boundaries by virtue of actual adverse entry and occupancy under claim of right, with the other elements generally requisite to actual possession, coexisting with that which flows from the colorable title, in which situation the bounds of claimant's possession are the limits of the tract to which he is entitled under his colorable claim of title plus the additional tract held in actual occupancy. * * *" 2 C.J.S. Adverse Possession § 185, p. 782.

■ Possession to be adverse must be open, visible, continuous and exclusive, with a claim of ownership, such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claims of others, but against all titles and claimants. Loris v. Patrick, Okl., 414 P.2d 249.

■ Where, in a cause of equitable cognizance the trial court had before it all the pleadings and evidence and upon hearing determined all the issues of fact and law, in such case, the Supreme Court, on appeal, will weigh the evidence, but will not reverse the judgment on the facts unless it is against the clear weight of the evidence. Kouri v. Burnett, supra. The judgment is not against the clear weight of the evidence.

Judgment affirmed.

All the Justices concur.